MARSHALL MOTOR COMPANY v. UNIVERSAL CREDIT COMPANY.

(Filed 26 February, 1941.)

1. **Removal of Causes § 5: Actions § 1a—Plaintiff is entitled to bring suit in the manner and form he may elect, and may choose forum to which jurisdiction of his cause appertains.**

    Plaintiff's action against a nonresident corporation to recover the penalty for usury in a sum in excess of $15,000, based upon numerous independent transactions between the parties, was removed to the Federal Court. Plaintiff took a voluntary nonsuit in the Federal Court and thereafter instituted four separate actions in the State Court embracing the identical items set out in the original action, the sum demanded in each case being less than $3,000. *Held:* Plaintiff may divide the cause of action into groups of items and institute separate suits thereon in the State Court, since a party, provided he properly states a cause of action, has the right to bring his suit in the manner and in the form he may elect, and may choose the forum to which the jurisdiction of his cause appertains.

2. **Limitation of Actions § 15—**

    Statutes of limitations, unless they are annexed to the cause of action itself, must be specifically pleaded, and may not be invoked by demurrer or by preliminary motion to dismiss.

3. **Appeal and Error § 2—**

    The denial of a motion to dismiss is not ordinarily appealable.

4. **Limitation of Actions § 11b—**

    Plaintiff took a voluntary nonsuit in the Federal Court on his cause of action to recover the penalty for usury, based on numerous separate trans-

actions between the parties. Within a year thereafter he instituted four separate actions in the State Court embracing the identical items declared on in the original action. *Held:* If the original action was instituted within the time prescribed, the four separate causes of action would not be barred by the statute of limitations, C. S., 415.

APPEAL by defendant from *Rousseau, J.,* at October Term, 1940, of ROCKINGHAM. Affirmed.

This action was instituted by plaintiff for the recovery of the statutory penalty for usury. The complaint sets out numerous separate transactions wherein it is alleged usury was charged by the defendant and paid by the plaintiff. Defendant interposed demurrer and motion to dismiss, which were denied by the court below, and defendant appealed. Three other actions between the same parties, involving identical questions, were consolidated herewith for the purposes of the appeal.

The facts material to the questions presented may be summarized as follows: The plaintiff is a North Carolina corporation, and the defendant is a corporation of the State of Delaware. On 16 November, 1938, plaintiff instituted action for usury arising out of 191 separate and independent transactions, extending over the period from 19 November, 1936, to 10 December, 1937. The total amount claimed was in excess of $15,000. Upon petition the cause was removed to the U. S. District Court. In that forum plaintiff submitted to a voluntary nonsuit 21 January, 1939, and thereafter instituted in the State court four separate actions against the defendant on the identical causes of action set out in the original suit, that is, one action instituted 15 September, 1939, embraced 81 of the transactions originally complained of, another action instituted 5 January, 1940, embraced 27 of these transactions, another instituted 5 January, 1940, embraced 13 of these transactions, and a fourth action instituted 6 January, 1940, embraced the remaining 70 of the transactions set out in the original complaint. In none of these four cases was the sum demanded as much as $3,000.

Defendant sought to remove these actions to the U. S. District Court on the ground that they were in effect one suit, and that the aggregate of the sums demanded brought them within the jurisdiction of the Federal Court. The U. S. District Judge, being of opinion that plaintiff had a right to maintain separate actions for the different transactions embodied in the original complaint, and that the U. S. Court was without jurisdiction, remanded the cases to the State court.

Defendant thereupon in the State court, in apt time, entered demurrer and motion to dismiss in each of the four suits, chiefly upon the ground that the plaintiff, having in its original suit joined 191 transactions, had elected a joinder of causes of action from which it could not thereafter escape, and that the new action after nonsuit must be founded upon

the same transaction alleged in the original action, and could not be divided into separate actions, each relating only to distinct portions of the items originally complained of; and that in these suits, by eliminating successively portions of the items embodied in the original suit, plaintiff had abandoned the causes of action represented by those items, and could not now sue on them.

Defendant further contended that the causes of action set up in the four suits were barred by the statute of limitations, and that the nonsuit in the original action, under the facts here appearing, could not avail the plaintiff to prevent the bar of the statute, even though the new suits were brought within one year of the nonsuit. The defendant also called attention to the fact that plaintiff on 26 January, 1939, instituted an action based on certain of the items in the original suit, and thereafter in March, 1939, submitted to a voluntary nonsuit as to that action.

Defendant's demurrer was overruled, and the motion to dismiss was denied in each of the four cases, and defendant excepted and appealed to this Court.

*P. W. Glidewell, Sr., and J. C. Brown for plaintiff, appellee.*
*C. L. Shuping and G. C. Hampton, Jr., for defendant, appellant.*

DEVIN, J. This appeal presents the question whether the plaintiff, having previously submitted to a voluntary nonsuit in the U. S. District Court in an action wherein more than fifteen thousand dollars was claimed as penalty for usury in numerous independent transactions, has the right, thereafter, to institute in the State court four separate suits embracing the identical items set out in the original action, the sum demanded in each case being less than three thousand dollars. In other words, may the plaintiff, having submitted to nonsuit upon the cause of action originally stated, embracing many independent transactions, be permitted to divide the cause of action into groups of items, and institute separate suits thereon?

We think the plaintiff has the right to bring his suit in the manner and in the form he may elect, provided he properly states a cause of action, and that he may choose the forum to which jurisdiction of his cause appertains. *Southern Rwy. Co. v. Miller,* 217 U. S., 209; *Friederichsen v. Renard,* 247 U. S., 207; *Waltman v. Union Central Life Ins. Co.,* 25 Fed. (2), 320. That facts sufficient to constitute causes of action are stated in the several complaints is not specifically controverted. Demurrer on that ground could not be sustained.

Appellant challenges plaintiff's procedure here as insufficient to protect its asserted claims from the bar of the statute of limitations, and contends that the provisions of C. S., 415, extending the time within

which suit may be instituted for one year after nonsuit, have no application to the situation presented here.

It is a well recognized rule of procedure that statutes of limitations, unless they are annexed to the cause of action itself, *Hanie v. Penland,* 193 N. C., 800, 138 S. E., 165, must be specifically pleaded to be available as a defense, *McNeill v. Suggs,* 199 N. C., 477, 154 S. E., 729, and that the question may not be raised by demurrer, *Bacon v. Berry,* 85 N. C., 124, or by preliminary motion to dismiss. *Oldham v. Rieger,* 145 N. C., 254, 58 S. E., 1091. Nor is the denial of a motion to dismiss ordinarily appealable. *Johnson v. Ins. Co.,* 215 N. C., 120, 1 S. E. (2d), 381.

However, it would seem that if the original action was brought in time, and that the instant cases were begun within one year of a voluntary nonsuit, upon the identical causes of action originally complained of, defendant's objection to the ruling below would be without merit. *Brooks v. Lumber Co.,* 194 N. C., 141, 138 S. E., 532; *Blades v. R. R.,* 218 N. C., 702. The fact that plaintiff instituted an action 26 January, 1939, upon certain items, and thereafter took a nonsuit in March, 1939, does not affect the right of plaintiff to bring other suits within one year from the nonsuit in the original action, for the same cause of action. *Trull v. R. R.,* 151 N. C., 545, 66 S. E., 586.

The principle stated in *Lumber Co. v. Trust Co.,* 179 N. C., 211, 102 S. E., 205, is inapplicable to the facts appearing on this record. In that case numerous transactions, so interlocked as to make them practically inseparable, were set up as constituting a mutual running account, and were thus interrelated. Here, the transactions were alleged to have consisted of separate and distinct conditional sales agreements and notes discounted, connected with sales of automobiles, each transaction independent of the other.

The judgment of the Superior Court must be

Affirmed.