MAJOR S. HIGH, ADMINISTRATOR OF THE ESTATE OF PHILLIP D. WATKINS, DECEASED, v. LOUIS ANDERSON BROADNAX AND JOE WILLIE WILLIAMS.

(Filed 25 August, 1967.)

**1. Limitation of Actions § 12;   Trial § 30—**

Our statute permitting a suit to be reinstituted within a specified time after dismissal of the original action by nonsuit does not apply when the original suit is brought in another jurisdiction. G.S. 1-25.

**2. Limitation of Actions §§ 12, 18;   Death § 4—**

In this action for wrongful death, plaintiff instituted action in a Federal District Court of another state within a year, which action was dismissed "without prejudice." Plaintiff instituted the present action in this State within a year of the dismissal. *Held:* The action was barred by the statute of limitations, G.S. 1-53(4), since G.S. 1-25 has no application.

**3. Limitation of Actions § 16—**

Where the allegations of the complaint disclose that, *prima facie*, the action is barred by the statute of limitations, defendant's plea in bar is properly allowed in the absence of a reply by plaintiff alleging facts which would avoid the plea.

**4. Appeal and Error § 10—**

A motion in the Supreme Court to be allowed to amend will. not be allowed when, under the law of the case, the requested amendment would avail appellant nothing.

APPEAL by plaintiff from *Martin, S.J.,* 25 July 1966 Civil Session of ROCKINGHAM.

Action for wrongful death.

Plaintiff's intestate, Phillip D. Watkins, a resident of Virginia, was killed in Rockingham County, North Carolina, on 21 April 1963, when he was struck by a car driven by defendant Broadnax and owned by defendant Williams. In a complaint filed 13 July 1965, plaintiff alleged that his intestate's death was caused by the actionable negligence of defendant Broadnax, who was the agent of defendant Williams acting within the scope of his employment at the time in question. Answering, defendants denied the allegations with reference to Broadnax' negligence, pled intestate's contributory negligence, and, as a further defense, alleged that this action was instituted more than two years after the death of plaintiff's intestate. They pled the provisions of G.S. 1-53(4) in bar of plaintiff's right to recover.

Upon the trial, after offering evidence bearing upon the allegations in the complaint, for the purpose of repelling the bar of the statute of limitations, plaintiff introduced duly authenticated records of the United States District Court for the Western District of Virginia, Danville Division, which revealed:

On 13 April 1964, William O. Watkins, who had qualified as administrator of Phillip Douglas Watkins in the Circuit Court of Pittsylvania County, Virginia, instituted an action against defendants in the United States District Court for the Western District of Virginia for the wrongful death of his intestate. In the District Court action, plaintiff's counsel of record was J. L. Williams, one of his present attorneys. Thereafter, on 2 July 1965, upon the plaintiff's motion, Honorable Ted Dalton, United States District Court judge, entered an order dismissing the action "without prejudice." At the same time, plaintiff paid all court costs.

At the conclusion of the evidence in the trial below, defendants moved for judgment of nonsuit. Judge Martin allowed the motion upon the ground that the action was barred by the statute of limitations, G.S. 1-53(4), and plaintiff appealed.

*Lee, High, Taylor & Dansby; J. L. Williams for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter by Richmond G. Bernhardt, Jr., for defendant appellees.*

SHARP, J.  The period prescribed for the commencement of an action for wrongful death under G.S. 28-173 is two years. G.S. 1-53(4). Intestate was killed in North Carolina on 21 April 1963. The first action to recover damages for his death was instituted against defendants by his Virginia administrator in the United States District Court of the Western District of Virginia on 13 April 1964 — less than one year after his death. That case was nonsuited on 2 July 1965, and this action was brought on 13 July 1965 — more than two years after intestate's death, but less than one year after the judgment of nonsuit in the Federal Court in Virginia. In pertinent part, G.S. 1-25 provides that if an action is commenced within the time prescribed therefor, and plaintiff is nonsuited, he or his representative may begin a new action within one year after such nonsuit if he has paid costs of the original action before the commencement of the new suit.

Plaintiff contends that, since he instituted this action within one year after the nonsuit in the U. S. District Court in Virginia, G.S. 1-25 repels defendants' plea of the statute of limitations. This appeal, therefore, presents the question whether G.S. 1-25 prevents the bar of the statute of limitations where an action is brought in this State within one year after a judgment of nonsuit has been entered in the original action which was instituted in another jurisdiction.

Since this cause of action arose in North Carolina, we are concerned only with the statutes of this State. "Where the action is regarded as controlled by the statute of limitations of the forum, it has usually been held that a plaintiff invoking the saving statute of the forum may not rely upon a nonsuit in an earlier action brought in another state." Annot., Statute permitting new action, after failure of original action timely commenced, as applicable where original action was filed in another state, 55 A.L.R. 2d 1038, 1039 (1957); accord, C & L Rural Electric Cooperative Corp. v. Kincade, 175 F. Supp. 223 (N. D. Miss., 1959); Sorensen v. The Overland Corporation, 142 F. Supp. 354 (D. C. Del., 1956); Scurlock Oil Co. v. Three States Contracting Co., 272 F. 2d 169 (5th Cir., 1959); 54 C.J.S., Limitation of Actions §§ 288(c), 299 (1948). See Milliken v. O'Meara, 74 Colo. 475, 222 Pac. 1116.

In Riley v. Union Pac. R. Co., 182 F. 2d 765 (10th Cir., 1950), it was held that a Wyoming statute permitting a new action to be commenced within one year after the original action (which had been commenced in due time) had failed otherwise than upon the merits, did not apply to a prior action brought in another state. In construing the Tennessee nonsuit, or saving, statute, which is substantially the same as Wyoming's, in Sigler v. Youngblood Truck

*Lines,* 149 F. Supp. 61 (E. D. Tenn., 1957), the court held that the statute did not apply to suits' instituted in North Carolina and that our G.S. 1-25 had no extraterritorial effect.

In *Morris v. Wise,* 293 P. 2d 547 (Okla., 1956), the Supreme Court of Oklahoma held that its nonsuit statute did not permit the renewal of a case in the State court after a dismissal in the United States District Court (Houston, Texas). In *Anderson v. Southern Bell Telephone & Telegraph Company,* 108 Ga. App. 314, 132 S.E. 2d 820, the same result was reached with reference to the Georgia nonsuit statute.

We adhere to the general rule that a statute of the forum which permits a suit to be reinstituted within a specified time after dismissal of the original action otherwise than upon its merits has no application *when the original suit was brought in another jurisdiction.* This rule, however, has no application to an action which was originally instituted in the Superior Court of this State and was thereafter transferred to a United States District Court, where it was later terminated by a nonsuit, or "dismissed without prejudice." In *Brooks v. Lumber Co.,* 194 N.C. 141, 138 S.E. 532, plaintiff's intestate died 20 November 1923 as a result of defendant's negligence. Suit for wrongful death was instituted in Macon County on 3 March 1924. Upon defendant's petition, the action was removed to the United States District Court for the Western District of North Carolina for trial. On 3 August 1925, plaintiff took a voluntary nonsuit and, on 8 September 1925, reinstituted the action in the Superior Court of Macon County for damages low enough to prevent a second removal. At that time, the applicable statute provided that suits for wrongful death must be brought within one year after the death. In the second suit, the plaintiff recovered judgment which, upon appeal, was sustained. The court held:

> "(W)here an action has been removed from the State court to the Federal Court, under the act of Congress providing for such removal, and a voluntary nonsuit is taken by plaintiff in the action while same is pending in the Federal Court, he may bring a new action upon the same cause of action in the State court within one year from the date of such nonsuit, by reason of the provisions of C.S. 415 (G.S. 1-25)." *Id.* at 143, 138 S.E. at 533.

*Accord, Motor Co. v. Credit Co.,* 219 N.C. 199, 13 S.E. 2d 230; *Fleming v. R. R.,* 128 N.C. 80, 38 S.E. 253; Annot., 156 A.L.R. 1104 (1945), Tolling statute applied to permit a new action in State court though original action in State court was removed to Federal court and there dismissed.

*Highway Comm. v. Transportation Corp.,* 226 N.C. 371, 38 S.E. 2d 214, cited by appellant, is inapposite. In that case the plaintiff sued to recover for damage done a bridge over the Cape Fear River when defendant's steamship collided with it. Shortly after the collision, defendant "filed libel in admiralty *in personam*" against the owner of the Stone Towing Line. Thereafter the U. S. District Court enjoined plaintiff and all others having claims for damages arising out of the collision from proceeding except in admiralty in that court. Plaintiff promptly filed its claim there and, as soon as it was dismissed from that court for want of jurisdiction, it instituted in the Superior Court of New Hanover County the action in which the appeal was taken. This Court held that defendant's plea of the statute of limitations was not good. The statute had been tolled by G.S. 1-23 during the time commencement of the action had been stayed in the State court by the Federal Court injunction. G.S. 1-25, although cited along with G.S. 1-23, had no application to the facts of that case.

In this case, the allegations in the complaint disclose that, *prima facie,* plaintiff's cause of action was barred by the statute of limitations. It contained no averments (such as were made in *Blades v. R. R.,* 218 N.C. 702, 12 S.E. 2d 553) to bring the action within the protection of G.S. 1-25. Defendants correctly point out that, after they pled the two-year statute of limitations as a bar to this action, it was incumbent upon plaintiff, under the rule enunciated in *Little v. Stevens,* 267 N.C. 328, 148 S.E. 2d 201, to plead the facts upon which they would rely to repel defendants' plea of the statute of limitations. In this Court, defendants moved for permission to file a reply setting up the prior action in the Federal Court in Virginia and the institution of this action within one year after a voluntary nonsuit had been taken in the Federal Court. Pleading the nonsuit in the Federal Court would avail plaintiff nothing; the motion to be allowed to file a reply is denied.

The judgment of nonsuit is

Affirmed.