VIVIAN W. COBB v. JERRY A. CLARK AND REBECCA C. CLARK

No. 6915SC20

(Filed 2 April 1969)

1. **Limitation of Actions § 12;   Trial § 30—   reinstatement of suit dismissed in another jurisdiction — G.S. 1-25**

The statute permitting a suit to be reinstituted within one year after dismissal of the original action by nonsuit does not apply when the original suit is brought in another jurisdiction. G.S. 1-25.

2. **Limitation of Actions § 12;   Negligence § 20—   action for personal injuries — original suit dismissed in Federal Court — new suit in superior court — G.S. 1-25**

An action for personal injuries instituted in the superior court more than three years after the accident occurred is barred by the statute of limitations, G.S. 1-52(5), notwithstanding such action was begun within a year after dismissal by summary judgment of plaintiff's original suit brought in apt time in a Federal District Court in this State, G.S. 1-25 being inapplicable where the original suit was brought in another jurisdiction.

3. **Pleadings § 29;   Judgments § 42—   judgment sustaining demurrer — res judicata**

A judgment affirmed by the Supreme Court sustaining a demurrer for failure of the complaint to state a cause of action is *res judicata* and bars a subsequent action upon substantially identical allegations; however,

such judgment is not *res judicata* where the complaint in the subsequent action supplies the essential allegations lacking in the former complaint.

**4. Pleadings § 29; Judgments § 42— judgment sustaining demurrer — res judicata**

In this action for personal injuries, the trial court properly sustained defendants' pleas of *res judicata* where the complaint contains substantially identical allegations as the complaint in a prior action which was dismissed for failure of the complaint to state a cause of action.

Appeal by plaintiff and defendants from *Hall, J.,* at the 29 July 1968 Session of Alamance Superior Court.

This is an action to recover for personal injuries allegedly sustained by plaintiff on 24 December 1963 when she fell down a stairway in defendants' home where she was visiting. The original action between the parties was instituted on 6 July 1964. A demurrer for failure of the complaint to state a cause of action was sustained 24 November 1964, and on appeal to the North Carolina Supreme Court, the superior court was affirmed. See *Cobb v. Clark,* 265 N.C. 194, 143 S.E. 2d 103, for statement of facts and contentions and opinion of Supreme Court.

As plaintiff did not seek leave to amend her complaint, the action was dismissed 22 September 1965. Thereafter, on 23 December 1965, plaintiff filed her complaint, based on the same occurrence, in the United States District Court for the Middle District of North Carolina, Greensboro Division. The defendants answered 20 May 1966 denying all liability and, on 2 August 1966, made a motion for summary judgment. The motion was allowed and the action was dismissed 29 August 1966. Appeal was taken to the Circuit Court of Appeals where the district court was affirmed on 3 April 1967 and petition to rehear denied 11 May 1967.

On 19 February 1968, plaintiff filed complaint in the present case. The defendants demurred 12 April 1968, and on 15 May 1968, the demurrer was overruled by Bailey, J. On 21 June 1968, defendants filed their answer denying liability and pleading the statute of limitations and *res judicata;* in addition, they prayed for a bill of peace.

The pleas in bar were heard by Hall, J., pursuant to a waiver of jury trial. Judge Hall made findings of fact, including a finding that there is no substantial difference between the complaint filed in the present action on 19 February 1968 and the complaint filed in Alamance Superior Court on 6 July 1964 and the complaint filed in the United States District Court on 23 December 1965. He con-

cluded that the present action is not barred by the statute of limitations but that the plea of *res judicata* should be sustained; he further concluded that defendants' prayer for a bill of peace should be denied. From an order embodying said conclusions, dismissing the action, and taxing plaintiff with the costs, both plaintiff and defendants appealed.

*Jordan, Wright, Nichols, Caffrey & Hill by Luke Wright and Edward L. Murrelle for plaintiff appellee-appellant.*

*Sanders & Holt by Emerson T. Sanders for defendant appellees-appellants.*

BRITT, J.

The first question presented by this appeal is whether the superior court should have sustained defendants' plea of the statute of limitations. The action is clearly barred by subsection 5 of G.S. 1-52 unless saved by the operation of G.S. 1-25 which provides as follows:

"§ 1-25. *New action within one year after nonsuit, etc.* — If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought in forma pauperis."

G.S. 1-131 does not apply to this action.

[1] The most recent discussion of the application of G.S. 1-25 is found in the case of *High v. Broadnax*, 271 N.C. 313, 156 S.E. 2d 282, in an opinion by Sharp, J. That case involved an action for wrongful death arising out of an automobile collision in Rockingham County, North Carolina, and the suit was first brought in the United States District Court sitting in Danville, Virginia. The action in federal court was dismissed "without prejudice." Within one year thereafter but more than two years after intestate's death, plaintiff instituted suit in Rockingham Superior Court. The Supreme Court held that the action did not fall within the grace of G.S. 1-25. We quote from the opinion as follows:

"We adhere to the general rule that a statute of the forum which permits a suit to be reinstituted within a specified time after

dismissal of the original action otherwise than upon its merits has no application *when the original suit was brought in another jurisdiction.* This rule, however, has no application to an action which was originally instituted in the Superior Court of this State and was thereafter transferred to a United States District Court, where it was later terminated by a nonsuit, or 'dismissed without prejudice.' * * *"

Our State Supreme Court has held in several cases that G.S. 1-25 would apply where an action was instituted in a superior court of this State and thereafter removed to a federal court sitting in this State and there nonsuited. See *Motor Co. v. Credit Co.,* 219 N.C. 199; 13 S.E. 2d 230; *Brooks v. Lumber Co.,* 194 N.C. 141, 138 S.E. 532; *Fleming v. R. R.,* 128 N.C. 80, 38 S.E. 253.

It appears that the majority of the states do not agree with the holding in *High v. Broadnax, supra.* See Annot., 156 A.L.R. 1097, 1103, 1106; also 34 Am. Jur., Limitation of Actions, § 283, p. 230. Nevertheless, the *High* case is binding on this court.

[2]   Although in the case before us the action was instituted in a United States District Court sitting in North Carolina, as contrasted to *High v. Broadnax, supra,* where the suit was instituted in a United States District Court sitting in Virginia, we perceive no distinction as far as the principle of law declared in *High* is concerned; the United States District Court is "another jurisdiction" irrespective of whether it sits in Greensboro, N. C., or Danville, Va. Hence, we hold that the present action was barred by the statute of limitations as G.S. 1-25 is not applicable, and the order of Judge Hall concluding otherwise was error.

The next question is whether the plea of *res judicata* was properly sustained.

[3]   The law is clear that if the allegations of the first complaint and of this complaint are substantially identical, then the plea must be sustained. *Davis v. Anderson Industries,* 266 N.C. 610, 146 S.E. 2d 817. The plaintiff is correct in arguing that if the essential allegations lacking in the former complaint are supplied in the present case, then the plea of *res judicata* will not be sustained. *Jones v. Mathis,* 254 N.C. 421, 119 S.E. 2d 200; *Halcombe v. Commissioners,* 89 N.C. 346. However, the plaintiff has failed to supply all the allegations needed.

[4]   It is true that in her complaint filed in the present action plaintiff has enlarged upon the allegations contained in the former complaints, but we think the complaints are "substantially identical."

The opinion by Rodman, J., in the former appeal (*Cobb v. Clark,* 265 N.C. 194, 143 S.E. 2d 103) contains the following statements: "What plaintiff complains of is defendants' failure to guard against the conduct and mistakes of plaintiff. * * * Plaintiff's injuries were the consequence of her conduct. She now seeks to impose liability on defendants because of their failure to anticipate the mistakes which she made, which mistakes resulted in her unfortunate fall and injuries." In our opinion, the conclusions stated apply to the complaint in the present action also.

We hold that the trial court properly sustained the plea of *res judicata.*

Defendants assign as error the failure of Judge Bailey to sustain their demurrer to plaintiff's complaint. In view of our holdings on the other questions presented, we deem it unnecessary to pass upon this assignment of error.

Defendants also assign as error the failure of Judge Hall to grant their prayer for injunctive relief in the nature of a bill of peace. We construe defendants' brief to say that they abandoned this assignment of error, therefore, it will not be discussed.

This action is remanded to the Superior Court of Alamance County for entry of judgment not inconsistent with this opinion.

Plaintiff's appeal — Affirmed.

Defendants' appeal — Error and remanded.

MORRIS and PARKER, JJ., concur.