452 F.2d 961
 Mildred Frances ANDREW, Administratrix of the Estate of
Edwin Franklin Jackson, Captain, Deceased,
Plaintiff-Appellant and Cross-Appellee,
v.
The BENDIX CORPORATION, Defendant-Appellee and Cross-Appellant.
 Nos. 71-1289, 71-1290.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 20, 1971.
 
 Lyman Brownfield, Columbus, Ohio, for plaintiff-appellant and cross-appellee; Laurence E. Sturtz, Walter J. McNamara, III, Columbus, Ohio, on brief; Brownfield, Kosydar, Bowen, Bally & Sturtz, Columbus, Ohio, of counsel.
 Charles N. Myers, Jr., Columbus, Ohio, for defendant-appellee and crossappellant; Hamilton, Kramer, Myers & Summers, Joseph R. Hague, Columbus, Ohio, on brief.
 Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.
 JOHN W. PECK, Circuit Judge.
 
 
 1
 Trial of this wrongful death action in the District Court resulted in a verdict and judgment for the defendant, followed by this appeal alleging errors in evidentiary rulings during trial. The defendant perfected a cross-appeal alleging error by the District Court in holding that the action was not barred by the statute of limitations. The parties will hereby usually be referred to as they were in the trial court.
 
 
 2
 The incident which resulted in the death of plaintiff's decedent and which gave rise to this action occurred April 7, 1960. On June 14, 1961, plaintiff filed a wrongful death action in the United States District Court for the District of Columbia, which court dismissed the action for want of prosecution as of January 7, 1964. That dismissal may or may not have resulted from some lack of communication within the District Court, but in any event without seeking to have the order of dismissal vacated, plaintiff for reasons which she here attributes to a greater comparative facility in discovery procedures filed the complaint in the present case in the District Court for the Southern District of Ohio on January 5, 1965. In this general regard, it is to be noted that the death of plaintiff's decedent occurred in North Carolina, that she is a resident of that state and that she was appointed administratrix of the decedent's estate by a probate court of a North Carolina county. The defendant is alleged in the complaint to be a Delaware corporation with its principal place of business in Michigan and with an office in the Northern District of Ohio.
 
 
 3
 That the action is to be governed by the law of Ohio is not in debate, and the parties agree that the applicable statute of limitations is Ohio Revised Code Section 2125.02 which provides that "every such action must be commenced within two years after the death of [the decedent]." What is at issue is whether or not the Ohio "savings statute" (O.R.C. Sec. 2305.19) has application. That section provides in pertinent part:
 
 
 4
 "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"
 
 
 5
 Some comment to the contrary notwithstanding, we without hesitation conclude that for present purposes the entry of the District of Columbia District Court constituted a dismissal of that action "otherwise than upon the merits," and had that order been entered by an Ohio court plaintiff would clearly have been authorized by this statute to "commence a new action within one year." Thus the sole issue presented on the cross-appeal is whether the Ohio savings statute has application to a cause of action against which the statute of limitations has run, but where the cause has failed other than on its merits in another jurisdiction. Neither the Supreme Court of Ohio nor any Ohio court of appeals having passed on this issue, it is incumbent upon us to attempt to determine on the basis of logic and existing law which way Ohio's highest court would decide the question. Davis v. Smith, 253 F.2d 286, 289 (3rd Cir. 1958).
 
 
 6
 The district judge, citing Kleve v. Negangard, 330 F.2d 74 (6th Cir. 1964), and 9 O.Jur.2d 834, Conflict of Laws, Sec. 17, determined the issue to be the applicability of the Ohio savings statute. Concluding as we do that the failure of the District of Columbia action was "otherwise than on the merits within the meaning of Section 2305.19," and after citing Sherman v. Air Reduction Sales Co., 251 F.2d 543 (6th Cir. 1958), he in effect found the savings statute applicable and as hereinabove indicated permitted the cause to proceed through jury trial. In following this course, however, and specifically noting that the dismissal was "by the United States District Court for the District of Columbia", no recognition is taken of the fact that the issue might vary from that presented where the earlier dismissal was by an Ohio tribunal. As indicated, the District Court relied on Sherman for the conclusion reached, but therein the dismissal for want of prosecution was by the Common Pleas Court of Lucas County, Ohio, and the new action commenced within the savings statute period was in the District Court for the Northern District of Ohio. Thus that decision is of no assistance in considering the effect of a dismissal other than on the merits by a non-Ohio tribunal.
 
 
 7
 A case precisely in point is that of Herron v. Miller, 96 Okl. 59, 220 P. 36 (1923). While that is, of course, a state court opinion, it was adopted in its entirety by the Tenth Circuit Court of Appeals in Estate of Tuckman v. Estate of Cottle, 175 F.2d 775 (1949), and Herron was also cited with approval and followed in Riley v. Union Pacific Railroad Company, 182 F.2d 765 (1950). In all three of these cases the savings statute under consideration was for present purposes identical to O.R.C. Sec. 2305.19. Thus the law of the Tenth Circuit would clearly require a conclusion favorable to the present defendant on the statute of limitations question, since the syllabus by the court in Herron states:
 
 
 8
 "Section 190, Comp.St.1921, providing that, where an action which has been commenced within due time fails otherwise than on its merits, a new action may be commenced within one year after such failure, refers to actions which have been commenced within this state within due time, and have failed otherwise than upon the merits; but the statute has no application to actions which have been commenced within other states and have failed otherwise than upon the merits." (Emphasis supplied.)
 
 
 9
 See also, Morris v. Wise, 293 P.2d 547, 55 A.L.R.2d 1033 (Okl.1956).
 
 
 10
 A more recent state court decision of identical import is High Admr. v. Broadnax, 271 N.C. 313, 156 S.E.2d 282 (1967). Therein the original wrongful death action was instituted in the United States District Court for the Western District of Virginia, and following its nonsuit a new action was filed in North Carolina after the statute of limitations had run but within the one-year period prescribed by the North Carolina savings statute. In holding the latter statute inapplicable, the court stated, "We adhere to the general rule that a statute of the forum which permits a suit to be reinstituted within a specified time after dismissal of the original action otherwise than upon its merits has no application when the original suit was brought in another jurisdiction." 156 S.E.2d at 284. Thus while we attach no particular significance to this circumstance, it is interesting to note that in the present situation had the first action been instituted in a state or federal court in Ohio (or, indeed, in a state or federal court anywhere except in North Carolina), the plaintiff's action would be subject to dismissal in North Carolina under Broadnax. In an action first brought and dismissed within the period of the statute of limitations in North Carolina, a District Court in this Circuit held the savings statute inapplicable in Sigler v. Youngblood Truck Lines, 149 F.Supp. 61 (E.D.Tenn.1957).
 
 
 11
 In the light of logic and the applicable decisions from other jurisdictions we conclude that the Supreme Court of Ohio would hold, as we therefore do, that Ohio Revised Code Sec. 2305.19, which permits the commencement of a new action when a former timely filed suit on the same cause has been dismissed otherwise than on its merits within one year of such commencement, has application only where the first action had been filed within the State of Ohio, and specifically that it is without application where the first suit was filed in a federal or state court in another state. At all stages of the proceedings in the above case the defendant-appellee-cross-appellant has carefully preserved its position with reference to the order of the District Court which denied its motion to dismiss for the reason that plaintiff's claim was barred by the statute of limitations, and it being here determined that such denial constituted error, relief on the cross-appeal is considered appropriate. It accordingly becomes unnecessary to consider the contentions raised on appeal by the plaintiff-appellant.
 
 
 12
 The appeal will be dismissed and final judgment entered for the defendant-appellee-cross-appellant.