**John STARE et al.,
Plaintiffs,
v.
Mae McDonald PEARCY,
Defendant.**

Civ. A. No. 74–16–C.

United States District Court,
N. D. West Virginia,
Clarksburg Division.

Oct. 21, 1975.

As Amended Oct. 23, 1975.

Volodymyr O. Bazarko, Parma, Ohio, Patricia H. Valentino, Wheeling, W. Va., for plaintiffs.

Kingsley R. Smith, Clarksburg, W. Va., for defendant.

## MEMORANDUM ORDER

MAXWELL, Chief Judge.

This personal injury action, based on diversity jurisdiction, arises out of an automobile accident at the intersection of U.S. Routes 50 and 18, within this judicial district on October 11, 1972. Plaintiffs are residents and citizens of the State of Ohio, and defendant is a resident and citizen of the State of West Virginia. An action filed by plaintiffs in the United States District Court for the Northern District of Ohio, Eastern Division, on September 26, 1974, based on the same accident, was dismissed by that Court on November 7, 1974, for lack of *in personam* jurisdiction over the defendant. This action in this Court was commenced on December 16, 1974. The matter is now before the Court on de- fendant's motion for summary judgment on the ground that the action is barred by the applicable statute of limitations. This affirmative defense was pleaded in defendant's answer, as required by Rule 8(c), Federal Rules of Civil Procedure.

Plaintiffs admit, in their brief opposing defendant's motion for summary judgment, that the facts upon which the motion is based are true, but plaintiffs take issue with the defendant's interpretation of the applicable law.

The limitation period for actions seeking damages for personal injuries in West Virginia is two years. West Virginia Code § 55-2-12(b). Plaintiffs claim the benefit of West Virginia Code § 55-2-18, which provides:

"If any action or suit commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, or by his or her death or marriage, or if, in an action or suit commenced within due time, judgment or decree (or other and further proceedings) for the plaintiffs should be arrested or reversed on a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of such cause having been dismissed for want of security for costs, or by reason of any other cause which could not be plead in bar of an action or suit, or the loss or destruction of any of the papers or records in a former action or suit which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause, or after such arrest or reversal of judgment or decree, or such loss or destruction, but not after."

The issue of whether the West Virginia "savings statute" is applicable to actions which have been initially commenced within other states has not, so

far as counsel or the Court have been able to determine, been decided by the West Virginia Supreme Court of Appeals. The *Erie* doctrine therefore requires this Court to predict what the West Virginia Supreme Court of Appeals would do if this issue were before it.

In *High v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282 (1967), plaintiff instituted a wrongful death action in the United States District Court for the Western District of Virginia, and following a nonsuit, brought a new action in North Carolina after the statute of limitations had expired but within the one-year period prescribed by the North Carolina "savings statute". In affirming the trial court's judgment of non suit, the Supreme Court of North Carolina held that:

> "We adhere to the general rule that a statute of the forum which permits a suit to be reinstituted within a specific time after dismissal of the original action otherwise than upon its merits has no application *when the original suit was brought in another jurisdiction.*"

(Emphasis in original.) 156 S.E.2d at 284.

While the decision in *Abele v. A. L. Dougherty Overseas, Inc.*, 192 F.Supp. 955 (N.D.Ind.1961), relied on by plaintiffs, reaches a contrary result, it appears that *High v. Broadnax, supra*, represents the majority view. Annot., 55 A.L.R.2d 1038 (1957), 51 Am.Jur.2d, *Limitations of Actions*, § 306 (1970). Parenthetically, both the state and federal courts in Ohio, plaintiffs' state of residence, have held Ohio's "savings statute" inapplicable to actions commenced or attempted in another state. *Howard v. Allen*, 30 Ohio St.2d 130, 283 N.E.2d 167, *appeal dismissed*, 409 U.S. 908, 93 S.Ct 251, 34 L.Ed.2d 169 (1972); *Andrew v. Bendix Corp.*, 452 F.2d 961 (6th Cir. 1971), *cert. denied*, 406 U.S. 920, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1972).

This Court is of the opinion that the West Virginia Supreme Court of Appeals would hold that West Virginia's "savings statute" (W.Va.Code § 55-2-18) has no application to actions originally commenced in another state.

Accordingly, defendant's motion for summary judgment must be, and the same is hereby granted as to the claims of the adult plaintiffs John Stare and Linda Stare in their individual capacities.

It is so ordered.