**Carl Allen HAISLIP, and Norah Haislip, Plaintiffs,**

v.

**Millard M. RIGGS, M.D., and Grace Hospital, Inc., Defendants.**

**No. SH–C–81–186.**

United States District Court,
W. D. North Carolina,
Shelby Division.

Oct. 29, 1981.

Elmore & Powell, John A. Powell, Asheville, N.C., W. Michael Mulvey, Philadelphia, Pa., for plaintiffs.

Patton, Starnes & Thompson, Thomas M. Starnes, Morganton, N.C., for Grace Hospital, Inc.

Mitchell, Teele, Blackwell & Mitchell, W. Harold Mitchell, Valdese, N.C., for Millard Riggs, M.D.

## MEMORANDUM OF DECISION

WOODROW WILSON JONES, Chief Judge.

The Plaintiffs, Carl Allen Haislip, Sr. and Norah Haislip, citizens and residents of the State of Pennsylvania, instituted this civil action against the Defendants, Millard M. Riggs, M.D., a resident citizen of the State of North Carolina, and Grace Hospital, Inc., a North Carolina corporation with its principal place of business located in Morganton, North Carolina, seeking to recover compensatory damages on an alleged malpractice claim growing out of the obstetrical delivery of the Plaintiffs' son, Carl Allen Haislip, Jr. on December 27, 1976 in Grace Hospital. The matter is now before the Court upon the Defendants' motions to dismiss pursuant to Rule 12(b), Federal Rules of Civil Procedure and for summary judgment under Rule 56, Federal Rules of Civil Procedure. A hearing was held on these motions in Rutherfordton, North Carolina on September 28, 1981 and after a careful examination of the file, records, briefs and arguments of counsel, the Court now enters its findings and conclusions.

This Court's records disclose that the Plaintiffs filed their original action in this Court on December 27, 1979 seeking to recover damages from the same Defendants, Dr. Riggs and Grace Hospital, for injuries allegedly caused by said Defendants during the obstetrical delivery and hospitalization of their child, Carl Allen Haislip, Jr. By order of this Court dated September 26, 1980 and filed September 29, 1980, the parties stipulated to a voluntary dismissal of said action without prejudice.

Thereafter, on January 22, 1981, the Plaintiffs brought an action in the Superior Court of Burke County, North Carolina, alleging the same claims of medical malpractice against these same Defendants. On September 2, 1981, Honorable Forrest Ferrell, Judge of the Superior Court, granted summary judgment dismissing the state case on the grounds that the alleged cause of action was barred by the North Carolina statute of limitations. The Plaintiffs did not appeal Judge Ferrell's ruling.

The Plaintiffs filed this action in this Court against the same Defendants on August 19, 1981 alleging the same injuries and acts of negligence as set forth in the original action in this Court and in the state court action. The Defendants moved to dismiss on the theory that the state court judgment is res judicata in this action on the same claim and for summary judgment based upon the running of the state statute of limitations.

The North Carolina statute of limitations for personal injury from medical malpractice is a minimum of three years and a maximum of four years, N.C. G.S. 1–15(c), and this statute applies to this diversity action. The original action was brought in this Court on December 27, 1979 which was within the time limit set by the statute. This action was terminated by a voluntary dismissal without prejudice. The state court action was instituted on January 22, 1981, more than four years after the alleged acts of negligence, but within one year of the voluntary dismissal without prejudice of the original action filed in this Court. Rule 41, North Carolina Rules of Civil Procedure provides in substance that if an action commenced within the time prescribed therefor is dismissed without prejudice, a new action on the same claim may be commenced within one year after such dismissal.[1] However, the North Carolina Supreme Court has held that this provision does not apply to a dismissal of an action brought in another jurisdiction. *High v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282 (1967). The North Carolina Court of Appeals has held that the provision does not apply to a dismissal of an action brought in a federal district court sitting in North Carolina. *Cobb v. Clark*, 4 N.C.App. 230, 166 S.E.2d 692 (1969). Based upon these decisions Judge Ferrell was compelled to grant the Defendants' motion for summary judgment and dismiss the state action as having not been timely filed.

1. N.C. G.S. § 1A–1, Rule 41.

■ Rule 41, Federal Rules of Civil Procedure has no such one year saving provision. Under the federal rule, a voluntary dismissal without prejudice leaves the situation as if the action had never been filed. Consequently, the statute of limitations is not tolled by filing an action that is subsequently voluntarily dismissed without prejudice. *Kington v. United States*, 396 F.2d 9 (6th Cir. 1968); *Humphreys v. United States*, 272 F.2d 411 (9th Cir. 1959); See generally 9 Wright and Miller, Federal Practice and Procedure § 2367 (1971).

The Defendants contend that this Court should apply the federal rule and dismiss the action as being barred by the statute of limitations. The Plaintiffs say that this Court must apply state Rule 41 thereby permitting the action to proceed since it was filed within one year of the voluntary dismissal without prejudice.

The resolution of this phase of the controversy depends upon the choice between state and federal law. The Court of Appeals for the Fourth Circuit has enunciated an analysis to be used when resolving a federal-state conflict in a diversity case. This analysis is as follows:

    1. If the state provision, whether legislatively adopted or judicially declared, is the substantive right or obligation at issue, it is constitutionally controlling.

    2. If the state provision is a procedure intimately bound up with the state right or obligation, it is likewise constitutionally controlling.

    3. If the state procedural provision is not intimately bound up with the right being enforced but its application would substantially affect the outcome of the litigation, the federal diversity court must still apply it unless there are affirmative countervailing federal considerations. This is not deemed a constitutional requirement but one dictated by comity. *Szantay v. Beech Aircraft Corp.*, 349 F.2d 60, 63–64 (4th Cir. 1965).

■ This Court is of the opinion North Carolina Rule 41(a) is a tolling provision legislatively adopted and falls within the first category of the analysis. Accord, *Kahn v. Sturgil*, 66 F.R.D. 487 (M.D.N.C. 1975). The tolling of a state statute of limitations in a diversity case is strictly a substantive matter of state law which *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) command that this Court follow absent substantial countervailing federal interests. *Id.* Therefore, this Court holds that North Carolina Rule 41(a) applies in this case and finds and concludes that the action was filed within one year of the voluntary dismissal without prejudice and is not barred by the North Carolina statute of limitations.

■ However, this finding and conclusion does not end the inquiry and controversy. The Defendants contend that the state court judgment is res judicata in this action by the same parties on the same claim. Since this is a diversity case, the law of North Carolina controls on this question. *St. Paul Fire & Marine Insurance Co. v. Lack*, 476 F.2d 583 (4th Cir. 1973). The North Carolina Supreme Court has held that when a former judgment is set up as a bar or estoppel the question is whether the former adjudication was on the merits of the action, and whether there is such identity of parties and of the subject matter in the two actions and whether the merits of the second action are identically the same as the first, as will support a plea of res judicata. *Lumber Company v. Hunt*, 251 N.C. 624, 112 S.E.2d 132 (1960); *Hayes v. Ricard*, 251 N.C. 485, 112 S.E.2d 123 (1960). While it is evident that the parties and the subject matter in this action are the same as in the state suit, the Plaintiffs argue that summary judgment on the statute of limitations is not on the merits and, therefore, is not res judicata in this action. They contend that under North Carolina law a judgment based upon matters of practice or procedure is not a judgment on the merits and cite *Beam v. Almond*, 271 N.C. 509, 157 S.E.2d 215 (1967), in support of their contention. They argue that *Brown v. Casualty Co.*, 285 N.C. 313, 204 S.E.2d 829 (1974), supports the proposition that the statute of limitations does not discharge liability but

merely bars recovery. The Plaintiffs' reliance upon the *Brown* case is somewhat misplaced for the *Brown* Court said of the contention:

In our view it would indeed constitute "antics with semantics" to say that a litigant with a stale tort claim, one against which the applicable statute of limitations has been specifically pleaded, remains "legally entitled to recover" when his remedy has been taken away! To be "legally entitled to recover damages" a plaintiff must not only have a cause of action but a remedy by which he can reduce his right to damage to judgment. Today, "it is the consensus of the authorities that the defense of the statute of limitations stands upon the same place as any other legal defense." 51 Am. Jur.2d, *Limitations of Actions,* §§ 3, 5 (1970). In this jurisdiction a plea of the statute of limitations is a plea in bar "sufficient to destroy the plaintiff's action." When established by proof, it defeats and destroys the action altogether. *Bank v. Evans,* 191 N.C. 535, 538, 132 S.E. 563, 564 (1926). *See Lithographic Co. v. Mills,* 222 N.C. 516, 23 S.E.2d 913 (1943); *Poultry Co. v. Oil Co.,* 272 N.C. 16, 157 S.E.2d 693 (1967). 285 N.C. at 319, 204 S.E.2d 829.

■ In *Loving Co. v. Latham,* 15 N.C. App. 441, 190 S.E.2d 248 (1972), the North Carolina Court of Appeals said that "Matters determined by summary judgment, just as by any other judgment, are res judicata in a subsequent action." See *Stanback v. Stanback,* 297 N.C. 181, 254 S.E.2d 611 (1979); Vol. 3 Barron & Holtzoff, Federal Practice and Procedure, Rules Edition § 1246, p. 211; *Mathis v. Laird,* 457 F.2d 926 (5th Cir. 1972), *cert. den.* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972); *Williamson v. Columbia Gas and Electric Corp.,* 186 F.2d 464 (3rd Cir. 1950). Therefore, this Court finds and concludes that under North Carolina law the state court summary judgment based on the statute of limitations was on the merits and is a final judgment.

■ The extent to which a federal court must attach conclusive effect to a prior state court proceeding is a federal question, *Adam v. Saenger,* 303 U.S. 59, 64, 58 S.Ct. 454, 457, 82 L.Ed.2d 649 (1938); *American Mannex Corp. v. Rozands,* 462 F.2d 688 (5th Cir. 1972), and is controlled by 28 U.S.C.A. Section 1738 and by *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188 (1938) and its progeny.

■ Title 28, U.S.C.A., Section 1738, directs that judicial proceedings of the court of any state "shall have the same full faith and credit in every court within the United States—as they have by law or usage in the courts of such State—from which they are taken." Where a valid final decision has been adjudged against the plaintiff in a state court having jurisdiction over the persons and the cause of action, the doctrine of res judicata has been held to bar relitigation by the plaintiff against the same person in a federal court of that state. *Cobb v. Clark,* 257 F.Supp. 175 (M.D.N.C.1966), *aff'd,* 375 F.2d 773 (4th Cir. 1967); *American Mannex Corp. v. Rozands, supra; Brown v. Chastain,* 416 F.2d 1012 (5th Cir. 1969), *cert. den.* 397 U.S. 951, 90 S.Ct. 976, 25 L.Ed.2d 134 (1970).

The intent of the *Erie Railroad Company v. Tompkins* decision was to insure that in all cases where a federal court is exercising jurisdiction solely because of the diversity of the citizenship of the parties, the outcome of the litigation in federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a state court. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). However, the "outcome determination test" of *Erie* and *York* have to be read with reference to the "twin aims" of *Erie,* discouragement of forum shopping and avoidance of inequitable administration of the laws. *Hanna v. Plummer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). In *Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949),

Justice Douglas speaking for the court stated:

> We cannot give [the cause of action] longer life in federal court than it would have had in state court without adding something to the cause of action. We may not do that consistently with *Erie R. Co. v. Tompkins.*

Justice Marshall speaking for a unanimous court in the most recent of the *Erie* progeny, *Walker v. Armco Steel Corp., supra,* concluded:

> There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the statute of limitations should proceed through litigation to judgment solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and *Erie* and its progeny do not permit it. 100 S.Ct. at 1986.

In the case at bar, a state court with jurisdiction over the parties and the subject matter has rendered a final decision against the Plaintiffs. They now seek to relitigate the same cause of action between the same parties in federal court. To permit this action to continue would result in the very problem of forum shopping and inequitable administration of the laws that the Supreme Court in *Erie* and its progeny is seeking to prevent.

The dismissal of an action because of the running of a statute of limitations is harsh action and should not be done lightly. The Plaintiffs here had four years in which to file their action and they did timely file their first action in this Court. After the elapse of several months and considerable discovery they elected to take a voluntary dismissal. They failed to timely file their action in state court. During the arguments it was revealed that an action to recover damages on behalf of the child was pending in state court against the same Defendants. It therefore appears that the merits of the alleged cause of action will be determined in state court.

This Court is compelled to hold that under the law the prior state court judgment is res judicata in this federal diversity action and therefore the Defendants' motion for summary judgment must be granted. A judgment will be entered dismissing the Plaintiffs' action.