**Carroll PORTER and Lillian Porter, Plaintiffs,**

v.

**Robert L. GROAT, Defendant.**

**No. C–88–788–G.**

United States District Court, M.D. North Carolina, Greensboro Division.

June 1, 1989.

William T. Newman, Jr., Arlington, Va., and E.E. Sanders, Jr., Woodbridge, Va., for plaintiffs.

Charles J. Vinicombe and Richard L. Vanore, Greensboro, N.C., and Stephen L. Altman, Merrifield, Va., for defendant.

## CORRECTED MEMORANDUM OPINION REPLACING THE MEMORANDUM OPINION OF MAY 23, 1989

TILLEY, District Judge.

This matter is before the Court upon Defendant's motions to dismiss for: (1) Plaintiffs' failure to conform to the pleading requirements of N.C.R.Civ.P. 8(a)(2); and (2) for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). In the alternative, Defendant prays that Carroll Porter's claim for loss of consortium and Lillian Porter's claim for punitive damages be dismissed as untimely filed, N.C.Gen.Stat. § 1–15(c).

Plaintiffs concede that Carroll Porter's claim for loss of consortium is barred by N.C.Gen.Stat. § 1–15(c), and therefore his claim is DISMISSED with prejudice. For the reasons stated hereafter, the remaining motions are DENIED.

### FACTS

Plaintiff Lillian Porter, of Manassas, Virginia states a medical malpractice claim against Robert L. Groat, M.D., of Greensboro, North Carolina for cataract surgery performed on January 6, 1981, in Greensboro. Mrs. Porter alleges that Dr. Groat negligently "permitted some of nucleus from the lens to become dislodged posteriorly in (her) eye thereby causing blindness."

On July 5, 1984, Plaintiff filed an action seeking compensatory damages in the North Carolina General Court of Justice, Superior Court Division, Wake County, North Carolina. That action was voluntarily dismissed on January 27, 1986. On January 27, 1987, she filed a diversity action for both compensatory and punitive

damages in the United States District Court for the Eastern District of Virginia. The District Court dismissed the action as time-barred under Virginia law, which requires a suit for medical malpractice to be filed within two years of the cause's accrual. The Court denied Plaintiff's motion to transfer to the Eastern District of North Carolina, where the savings provision of N.C.R.Civ.P. 41(a), if applicable, might be read to allow the re-filing within a year of an action's voluntarily dismissal without prejudice.

On appeal, the Fourth Circuit reversed and directed that the case be transferred to the Eastern District of North Carolina. *Porter v. Groat*, 840 F.2d 255 (4th Cir. 1988). Because Defendant is a resident of Guilford County, North Carolina, and the cause of action arose in Guilford, the case was transferred to this Court. *Porter v. Groat*, 88–277–CIV–5 (E.D.N.C. August 2, 1988) (Boyle, J.).

### DISCUSSION

Defendant contends that Plaintiff's claims for medical malpractice are barred by the three-year statute of limitations of N.C.Gen.Stat. § 1–15(c), for the reason that the refiling of the original state court action in a federal district court did not invoke the "savings" provision of N.C.R. Civ.P. 41(a)(1), thereby failing to toll the limitations period. Two bases are advanced in support of this contention: (1) that the requirement of Rule 41 that an action "be commenced within one year after such dismissal" was not met by commencing an action in a federal district court which had no personal jurisdiction over the defendant; and (2) that a determination that the recommencement did satisfy Rule 41 would contravene Defendant's due process rights under the U.S. Constitution. If Defendant is correct on either ground, Plaintiff's action would be barred.

■ Defendant argues that "a plaintiff must meet the technical requirements [of commencement], including personal juris-diction, *at the time of the filing of the complaint.*" (Emphasis in original.) Neither the District Court for the Eastern District of Virginia nor the Fourth Circuit actually decided whether personal jurisdiction over Defendant could have been obtained in Virginia, although the record is devoid of any indication that it could. That finding was not necessary to the Fourth Circuit's determination that transfer was proper pursuant to 28 U.S.C. § 1406. Personal jurisdiction over a defendant is not needed to effect a transfer. *Porter v. Groat, supra; see Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Robinson v. Carroll,* 318 F.Supp. 527 (M.D.N.C.1970).

■ In an action transferred pursuant to 28 U.S.C. § 1406(a), the Court applies the law of the state of the transferee district court, rather than that of the transferor court. *LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n,* 830 F.2d 522 (4th Cir. 1987), *cert. denied,* — U.S. —, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988). The question is not, as Defendant suggests, whether personal jurisdiction could have been obtained in Virginia, but is instead whether this Court could have exercised *in personam* jurisdiction over Defendant at the time the action was commenced in the Eastern District of Virginia. *Lamont v. Haig,* 590 F.2d 1124 (D.C.Cir.1978); *accord Shutte v. Armco Steel Corp.* 431 F.2d 22 (6th Cir. 1970). An action filed in a proper venue and later transferred under § 1406 has been held to toll the applicable statute of limitations in the transferee district. *Smith v. Peters,* 482 F.2d 799 (6th Cir. 1973), *cert. denied,* 415 U.S. 989, 94 S.Ct. 1587, 39 L.Ed.2d 886 (1974); *Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir.1967); *Dubin v. United States,* 380 F.2d 813 (5th Cir.1967); *O'Brien v. Lake Geneva Sugar Shack, Inc.,* 585 F.Supp. 273, 276 (N.D.Ill. 1984). Had this action been recommenced in the Middle District of North Carolina, Defendant would have been personally subject to this Court's jurisdiction, and the statute of limitations period, if extended by

North Carolina Rule 41(a), would have been tolled. Since Defendant's due process argument is grounded upon an assertion that personal jurisdiction could not have been obtained in Virginia, further discussion of this issue is not necessary since he does not also contest the existence of personal jurisdiction in North Carolina.

■ The controlling question is whether N.C.R.Civ.P. 41(a) applies to an action filed originally in a North Carolina state court which is voluntarily dismissed, and then recommenced in federal court.

In *High v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282 (1967), the North Carolina Supreme Court stated as a general rule "that a statute of the forum which permits a suit to be reinstituted within a specified time after dismissal of the original action otherwise than upon its merits has no application *when the original suit was brought in another jurisdiction.*" *Id.* at 316, 156 S.E.2d at 284. (Emphasis in original.) In *Broadnax*, the action was originally filed in the United States District Court for the Western District of Virginia, voluntarily dismissed and refiled in Rockingham County Superior Court. Similarly, in *Cobb v. Clark*, 4 N.C.App. 230, 166 S.E.2d 692 (1969), the North Carolina Court of Appeals held that when a suit originated in another jurisdiction, Rule 41 (former G.S. § 1–25) did not apply to save otherwise untimely claims in subsequent state actions. United States District Courts sitting in diversity in North Carolina, according to *Cobb*, are considered "other" jurisdictions when the original suit has been commenced there.

In *Yarber v. Allstate Insurance Co.*, 674 F.2d 232 (4th Cir.1982), the Fourth Circuit answered "whether a federal court sitting in diversity must honor Virginia's restriction of the court within which a non-suited plaintiff may recommence in order to invoke the [Virginia] saving provision." *Id.* at 233. At the time of the appeal, Va.Code § 8.01–380 expressly limited recommencement to the court in which the original claim had been dismissed. Judge Phillips, writing for the majority, observed:

"The proper inquiry therefore in this and related cases is a two step one: first, whether application of the state rule is precluded in any event by the existence of a directly conflicting federal rule of procedure or a sufficiently powerful countervailing federal interest otherwise grounded; and second, if not whether the state rule is 'an integral part of the several policies served by the state statute of limitations.'"

*Yarber*, 674 F.2d at 235.

In this case, as in *Yarber*, there is no contradictory federal rule or countervailing federal policy. Unlike *Yarber*, there is no state rule—legislatively or judicially created—that restricts where an action may be recommenced when the original was begun in a North Carolina state court. Indeed, it is unlikely that the courts of North Carolina would have either the occasion or desire to speak on the issue. There is no procedure to certify state law questions from a federal to a North Carolina court, and North Carolina courts would have no need to address the question on appeal.

Defendant cites *Evans v. Chipps*, 56 N.C.App. 232, 287 S.E.2d 426 (1982), which, applying the settled rule that the original action must have been commenced in state court for the savings provision to be applicable, further observed that Rule 3, N.C.R. Civ.P. must be read into Rule 41(a) to the effect that an action is "commenced" under Rule 41(a) only when a complaint is filed "with the court," which under North Carolina Rules means the North Carolina state courts. If *Evans* may be read to support the proposition that venue of a recommencement should also be limited to the state courts, the proposition would fail under the second step of the *Yarber* test. There has been no showing and there is no reason apparent why such a restriction would constitute "an integral part of the several policies served by the state statute of limitations." While there is no state authority on point, the federal courts have long recognized the applicability of both the present savings provision and its prede-

cessor to actions recommenced in the United States District Courts. *See Porter v. Groat, supra.; Federal Reserve Bank of Richmond v. Kalin*, 81 F.2d 1003, 1007–1008 (4th Cir.1936); *Burgess v. Equilink Corp.*, 652 F.Supp. 1422 (W.D.N.C.1987); *Fraver v. North Carolina Farm Bureau Mutual Insurance Co.*, 643 F.Supp. 633 (E.D.N.C.1985); *Haislip v. Riggs*, 534 F.Supp. 95 (W.D.N.C.1981); *Kahn v. Sturgil*, 66 F.R.D. 487, 489 (M.D.N.C.1975).

The motion to dismiss for failure to comply with the statute of limitations is DENIED.

■ Defendant also argues that the action should be dismissed because the complaint failed to comply with N.C.R.Civ.P. 8(a)(2), and requests specific amounts both for compensatory and for punitive damages. It need only be noted that the action was commenced in Virginia, and there was no foreseeable need then to comply with North Carolina's pleading rules. The action, properly commenced there, was transferred to this Court intact. While the complaint now varies from what is correct under North Carolina requirements, any defect in the form of the complaint may be dealt with by the Defendant's motion to strike, or the Plaintiff's motion to amend. Neither dismissal nor sanction is warranted. The motion to dismiss for failure to comply with N.C.R.Civ.P. 8(a)(2) is DENIED.

■ Defendant also contends that Plaintiff's claim for punitive damages should be dismissed since the original action did not seek punitive but only compensatory damages and presents a "new claim," or, in the alternative, that the facts alleged do not aver any basis for punitive damages. Plaintiff's *claim*, however, is for conduct alleged to amount to negligence; the damages resulting are not "claims" in the same sense as are factual allegations. The complaint is not so defective that no basis for punitive damages on its allegations may be made out by the evidence, much of which is as yet undeveloped. Even if the request for punitive damages could be considered a new claim, the test is not whether a new cause of action is stated, but whether the original pleadings gave notice of the transactions or occurrences to be proved; if so, then under the North Carolina rule even a new cause of action relates back to the time of the original complaint. N.C.Gen. Stat. 1A–1, Rule 15(c); *Burcl v. North Carolina Baptist Hospital*, 306 N.C. 214, 293 S.E.2d 85 (1982). Defendant's motion on that ground must also be DENIED.

Finally, Defendant moves to exempt this action from mandatory arbitration pursuant to Middle District Local Rule 602. The motion is properly supported by affidavit from Defendant's counsel, and it appearing that this action should be exempted, the motion is GRANTED.

### ORDER

For the reasons set forth in the memorandum opinion and order filed contemporaneously herewith,

IT IS ORDERED that Plaintiff Carroll Porter's claims are DISMISSED with prejudice as barred by N.C.Gen.Stat. § 1–15(c);

IT IS FURTHER ORDERED that Defendant's motion to dismiss pursuant to Fed.R. Civ.P. 12(b)(6) is DENIED;

IT IS FURTHER ORDERED that Defendant's motion to dismiss for failure to conform to the pleading requirements of N.C. R.Civ.P. 8(a)(2) is DENIED; and Defendant's motion to exempt this action from mandatory arbitration pursuant to Middle District Local Rule 602 is GRANTED.