**Robert H. ADAMS, Plaintiff-Appellant,**

v.

**FEDERAL SIGNAL CORPORATION,
Defendant-Appellee.**

**No. 77–1409
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1977.

Rehearing Denied Oct. 17, 1977.

Robert F. Ashley, Dallas, Tex., for plaintiff-appellant.

David M. Ellis, Allen Butler, Dallas, Tex., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Appellant Robert H. Adams, former vice-president of appellee Federal Signal Corporation, brought this action against Federal under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* alleging that he was unlawfully discharged because of his age.

The district court dismissed the case with prejudice for appellant's failure to file a notice of intent to sue with the Secretary of Labor within 180 days of the date of the alleged violation, as required by 29 U.S.C. § 626(d). We affirm.

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Adams was an employee of Federal and its predecessors for approximately 25 years, eventually attaining the rank of senior vice-president and regional manager of the company's sign division at Arlington, Texas. His duties included administration of the company's personnel policies and keeping abreast of applicable federal laws and regulations affecting personnel.

On June 13, 1975, the division president informed Adams that he was being terminated. At that time Adams was 61 years old, thus falling within the 40–65 age group covered by the Act. On approximately February 1, 1976, Adams met with an attorney, who filed the required notice of intent letter with the Secretary of Labor on February 23, more than 250 days after the termination occurred.

Adams claims that this late filing should be excused because the company had failed to post on-premises notice of the Act, as required by 29 U.S.C. § 627 and 29 C.F.R. § 850.10.[1] The district court found that the company had indeed failed to post the notice.

Although this Court has been faced with the question of whether an employer's failure to post notice or its other actions will serve to "toll" the 180-day period, we have not yet found it necessary to reach the issue. *E. g., Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195 (5th Cir. 1975); *Woodburn v. LTV Aerospace Corp.,* 531 F.2d 750 (5th Cir. 1976); *Charlier v. S.C. Johnson & Son, Inc.,* 556 F.2d 761 (5th Cir. 1977).[2] Similarly, the instant case can be disposed of without deciding this question.

The district court found as a fact that "[r]esponsibility for posting the notice . . . rested with [Adams], who was the corporate officer in charge of [the company's] Texas operations." This finding is not clearly erroneous, and the company's failure to comply with the posting requirements of the Act can thus be laid at Adams' door. Even if the 180-day requirement may be tolled, waived, or otherwise modified, there is no equitable basis for doing so in these circumstances.[3]

AFFIRMED.

---

1. Section 627 of the Act provides:
   Every employer . . . shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.
   The corresponding regulation, 29 C.F.R. § 850.-10, provides:
   Every employer . . . shall post in conspicuous places upon its premises the notice pertaining to the applicability of the Act. . . . Such notice must be posted in prominent and accessible places where it can readily be observed by employees, applicants for employment and union members.

2. Other circuits have taken divergent views on the issue. *E. g., Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir. 1976), *cert. granted,* 429 U.S. 1097, 97 S.Ct. 1097, 51 L.Ed.2d 534 (1977) (failure to file intent notice within 180-day period is not an absolute bar to bringing an action under the Act); *Hiscott v. General Electric Co.,* 521 F.2d 632 (6th Cir. 1975) (no tolling or excuse even though employer failed to post required notices). Subsequent Sixth Circuit cases suggest, however, that the particular facts of a case may warrant the granting of equitable relief. *Rucker v. Great Scott Supermarkets,* 528 F.2d 393 (6th Cir. 1976); *Eklund v. Lubrizol Corp.,* 529 F.2d 247 (6th Cir. 1976).

3. We note a recent holding that an employer whose actions induced an employee to delay filing suit is estopped from asserting a limitations defense. *Ott v. Midland-Ross Corp.,* 523 F.2d 1367 (6th Cir. 1975). In the instant case, we have a situation in which the shoe of fault is on the other's foot, and a similar result should obtain.
   Moreover, in what may well be the only reported case involving a similar fact pattern, a district judge found that a store manager in charge of personnel had a duty to be familiar with laws relative to hiring and firing. However, the court also determined that the employer had complied with the posting requirement of § 627. *Skoglund v. Singer Co.,* 403 F.Supp. 797 (D.N.H.1975).