Robert H. ADAMS, Plaintiff-Appellant,

v.

**FEDERAL SIGNAL CORPORATION,**
Defendant-Appellee.

No. 79–3750
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 8, 1980.

can we dispose of the case on the government's argument that it concerns a trivial matter not worthy of the court's time.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Ashley & Welch, Robert F. Ashley, Dallas, Tex., for plaintiff-appellant.

Clark, West, Keller, Butler & Ellis, David M. Ellis, Allen Butler, Richard L. Brooks, Dallas, Tex., for defendant-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

GODBOLD, Circuit Judge.

On February 21, 1978, plaintiff sued defendant in state court, alleging breach of an oral employment contract. Defendant removed the case to federal court on the basis of diversity of citizenship. The district court granted defendant's motion for summary judgment based on statute of limitations. We affirm.[1]

Texas law provides a two-year statute of limitations on oral contracts, and the cause of action accrues at the time of the breach. Tex.Rev.Civ.Code Ann.Tit. 91, § 5526 (Vernon Supp.1978–79); *Redmond v. Trailmobile, Inc.*, 385 S.W.2d 540 (Tex.Civ.App. 1965) *writ ref'd n. r. e.*; *Dixie Glass Co. v. Pollak*, 341 S.W.2d 530 (Tex.Civ.App.1960) *writ ref'd n. r. e.* Plaintiff alleged that breach occurred on June 13, 1975. On June 29, 1976, plaintiff originally brought suit in federal district court. That suit, primarily based upon claimed violations of the Age Discrimination in Employment Act, 29 U.S.C.A. § 626, was dismissed on December 9, 1976, for failure to give statutory notice.[2] The Court of Appeals affirmed the dismiss-al, and denied plaintiff's motion for rehearing on October 17, 1977. *Adams v. Federal Signal Corp.*, 559 F.2d 433 (5th Cir. 1977). Thus, unless the limitations period has been tolled by statute, plaintiff's claim, filed in state court on February 21, 1978, was not filed within two years and is barred. *See Rigo Mfg. v. Thomas*, 458 S.W.2d 180 (Tex. 1970).

Texas has a tolling statute that permits a second suit when plaintiff's prior action, filed within the limitation period, has been dismissed for lack of jurisdiction, and plaintiff refiles within sixty days after the dismissal becomes final. Tex.Civ.Code Ann. Tit. 91, § 5539a (Vernon 1958).[3]

The issue in this case is when, for purposes of the tolling statute, does the dismissal become final.

The Texas courts have given us no guidance on the precise meaning of "final" in Article 5539a. The most restrictive possible meaning would be to read it as equivalent to a final judgment for purposes of appealability. A slightly broader reading would be that the judgment of dismissal was final only after all appeals as of right were exhausted (in this case when the Court of Appeals denied rehearing, or possibly when the mandate was actually received by the district court.) *Cf. Potts v. Flax*, 313 F.2d 284, 290 n.6 (5th Cir. 1963).

Since 107 days elapsed from denial of rehearing in the first suit until refiling, there is one other possible construction of finality that will rescue the plaintiff here. If the Court of Appeals decision is considered not final until the 90 days allowed for filing a petition of certiorari have expired then this suit was timely filed. Un-

---

1. In reviewing the grant of summary judgment we apply the same standards used by the district court under Fed.R.Civ.P. 56. *Poller v. C. B. S.*, 368 U.S. 464, 468, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *U. S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975).

2. We assume for purposes of this decision that plaintiff's breach of contract claim was properly before the district court in the original suit, and was dismissed for want of jurisdiction along with the age discrimination claim.

3. "[W]hen an action shall be dismissed in any way, or a judgment therein shall be set aside or annulled in a direct proceeding, because of a want of jurisdiction, in the trial court in which such action shall have been filed, and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a court of proper jurisdiction, the period between the date of first filing and that of commencement in the second Court shall not be counted as a part of the period of limitation unless the opposite party shall in abatement show the first filing to have been in intentional disregard of jurisdiction."

fortunately, this expansive reading of finality has the least support. Only one line of cases, following *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), reads finality so broadly. Those cases, however, involve the very different issue of retroactivity as applied to "final" convictions. In those cases policy considerations call for an expansive view of finality in order to give proper scope to constitutional rights being vindicated. No such considerations exist in the present suit and the *Linkletter* line of cases are thus easily distinguished.

We need not decide the effect of the filing of a petition for certiorari on the finality of a judgment since none was ever filed in this case. Clearly if one had been filed *and granted* then the Court of Appeals decision would no longer be final. Ordinarily, however, when no petition is filed the 90-day time limit need not be taken into account in determining finality of decisions under Article 5539a. Under our facts we need not decide among the other alternative points except to note that at the latest, when the district court actually received the mandate from the Court of Appeals,[4] *see Potts v. Flax, supra,* plaintiff was still over thirty days late in refiling.

AFFIRMED.