GEORGE REYNOLDS EVANS, SR. v. WILLIAM CHIPPS; CARNEY JAMES; DARRYL BRUESTLE AND THE CITY OF WILMINGTON

No. 815SC605

(Filed 2 March 1982)

**1. Constitutional Law § 17; Limitation of Actions § 4.1— actions for violations of civil rights—statute of limitations**

The three-year time limitation prescribed by G.S. 1-52(2) for actions founded on "a liability created by statute, either state or federal" applies to actions under 42 U.S.C. §§ 1983 and 1985(3) to recover damages for deprivation of civil

Evans v. Chipps

rights under color of State law and for conspiracy to deprive plaintiff of his civil rights.

2. **False Imprisonment § 2; Malicious Prosecution § 7; Trespass § 3— statute of limitations for false imprisonment, malicious prosecution and trespass**

The one-year limitation of G.S. 1-54(3) applies to an action for false imprisonment; the three-year limitation of G.S. 1-52(5) applies to an action for malicious prosecution; and the three-year limitation period of G.S. 1-52(13) applies to an action for trespass by a public officer under color of his office.

3. **Constitutional Law § 17; False Imprisonment § 2; Malicious Prosecution § 7; Trespass § 3— actions barred by statute of limitations**

Plaintiff's actions to recover damages for alleged violation of his civil rights under color of state law, conspiracy to deprive him of his civil rights, false imprisonment, malicious prosecution, and trespass were barred by the statute of limitations, the longest of which was three years, where all of plaintiff's claims arose by 8 August 1977, the date on which he was sentenced to prison and on which he necessarily would have known of the injuries forming the bases of his actions, and plaintiff's complaint was not filed until 27 October 1980.

4. **Limitation of Actions § 11— plaintiff in prison—time to prepare suit—statute of limitations not tolled**

The fact that defendant was in prison and needed time to prepare his complaint did not prevent the statute of limitations from running against his suit to recover damages for alleged violations of his civil rights under color of state law, conspiracy to violate his civil rights, false imprisonment, trespass by a public officer under color of his office, and malicious prosecution.

5. **Limitation of Actions § 12.2; Rules of Civil Procedure § 41— filing of complaint in federal court—statute of limitations not barred in state court**

G.S. 1A-1, Rule 41(a) did not prohibit claims in state court which had previously been filed in a federal district court from being barred by the statute of limitations where there was nothing in the record to show that the federal court claims were subject to either a voluntary or involuntary dismissal; in entering summary judgment against plaintiff on one claim, the federal court did not specify that plaintiff would have any additional time to file a new action thereon; and plaintiff's complaint in the state court was filed more than a year after the federal district court entered summary judgment against plaintiff. Furthermore, plaintiff's filing of a complaint in federal district court would not prevent the statute of limitations from barring his action in the state court. G.S. 1A-1, Rule 3.

APPEAL by plaintiff from *Rouse, Judge.* Order entered 20 January 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals on 9 February 1982.

This plaintiff was convicted by a jury of armed robbery and larceny, and judgments were entered against him on 8 August

1977 sentencing him to concurrent prison terms of thirty and two years.

On 27 October 1980, plaintiff instituted this civil action against William Chipps and Carney James, who are officers of the Wilmington Police Department; Darryl Bruestle, who is Chief of Police in Wilmington; and the City of Wilmington. Plaintiff's complaint alleges that defendants violated his civil rights and committed misconduct against him in that defendants Chipps and James arrested plaintiff on 22 April 1977 (for the offenses for which he was convicted) and denied his request for counsel, in that he was held on a criminal charge without having been identified by the victim on the night of arrest, in that perjured testimony and illegal evidence was used against him, in that there was a conspiracy to procure perjured testimony against him, in that a search of plaintiff's residence was conducted for the sole purpose of harassing plaintiff's family, and in that defendants Chipps and James changed police records and tried to destroy evidence exculpating plaintiff of the criminal charges then pending against him and failed to turn over other such exculpatory evidence.

Defendants filed an answer denying the plaintiff's material allegations, pleading the statute of limitations as a bar to the action, and moving for summary judgment. On 20 January 1981, the court entered an order granting defendants' motion for summary judgment, "on the basis of the Statute of Limitations barring the Plaintiff's action." Plaintiff appealed.

*Plaintiff appellant George Reynolds Evans, pro se.*

*Nelson, Smith & Hall, by James L. Nelson; and City Attorney R. Michael Jones, for defendants appellees.*

*Legal Services of the Lower Cape Fear, by James B. Gillespie, Jr., amicus curiae.*

HEDRICK, Judge.

[1, 2] "[I]n determining the applicable statute of limitations, the focus should be upon the nature of the right which has been injured. . . ." *Holley v. Coggin Pontiac, Inc.*, 43 N.C. App. 229, 241, 259 S.E. 2d 1, 9, *disc. rev. denied*, 298 N.C. 806, 261 S.E. 2d 919 (1979). In the present case, plaintiff's complaint, when considered in a light most favorable to him, alleges injuries to rights which

arguably would produce the following causes of action: an action under 42 U.S.C. § 1983 for deprivation of civil rights under color of state law; an action under 42 U.S.C. § 1985(3) for conspiracy to deprive another of his civil rights; false imprisonment; malicious prosecution; and trespass. For the actions brought under 42 U.S.C. §§ 1983, 85(3), the applicable limitations period is determined by reference to state law, *Cox v. Stanton*, 529 F. 2d 47 (4th Cir. 1975); that limitations period is three years, which is the time limitation prescribed by G.S. § 1-52(2) for actions founded on "a liability created by statute, either state or federal." *See Bireline v. Seagondollar*, 567 F. 2d 260 (4th Cir. 1977), *cert. denied*, 444 U.S. 842, 62 L.Ed. 2d 54, 100 S.Ct. 83 (1979). Plaintiff's other causes of action, assuming they were adequately alleged, are subject to the following limitations periods: for false imprisonment, one year, G.S. § 1-54(3); for trespass by a public officer under color of his office, three years, G.S. § 1-52(13); and for malicious prosecution, three years, G.S. § 1-52(5).

[3] "Ordinarily, the period of the statute of limitations begins to run when the plaintiff's right to maintain an action for the wrong alleged accrues. The cause of action accrues when the wrong is complete, even though the injured party did not then know the wrong had been committed." *Wilson v. Crab Orchard Development Co.*, 276 N.C. 198, 214, 171 S.E. 2d 873, 884 (1970). *Bireline v. Seagondollar, supra*, however, states that the federal rule fixes the time of accrual of a right of action under the federal civil rights statutes, and that such time of accrual is the point in time when the plaintiff knows or has reason to know of the injury which is the basis of the action. Assuming arguendo that all of plaintiff's claims arose on the very late date of 8 August 1977, the date on which he was sentenced to prison and a date on which he would necessarily have to have known of the injuries forming the basis of his action, all of plaintiff's possible causes of action would still be barred by the statute of limitations, since his complaint was not filed until 27 October 1980.

[4] Plaintiff argues, however, that the facts that he was in prison and that he needed time to prepare his suit prevented the statute of limitations from running against his action. This argument is without merit. G.S. § 1-17, which enumerates the disabilities which delay the running of a limitations period, does not include imprisonment; in fact, 1975 N.C. Sess. Laws Ch. 252, effective 1

January 1976, is entitled "An Act to Amend G.S. 1-17 so as to Eliminate Imprisonment as a Disability Under the Statute of Limitations. . . ." Plaintiff's imprisonment therefore did not prevent the running of the statute of limitations. Similarly, plaintiff cannot avoid the statute of limitations bar by the mere fact that he needed more time to investigate and prepare his case. *See Wheeless v. St. Paul Fire and Marine Insurance Co.*, 11 N.C. App. 348, 181 S.E. 2d 144 (1971).

[5]  Plaintiff also undertakes to make the argument that his filing of a complaint in United States District Court for the Eastern District of North Carolina on 15 September 1978 and G.S. § 1A-1, Rule 41 prevent a statute of limitations bar to his action. Of the alleged factual grounds for recovery contained in plaintiff's complaint in the present action, only two were contained in plaintiff's federal complaint. Those two pertained to defendants' alleged improper detention of plaintiff without his having been identified by the victim and their alleged deprivation of his right to counsel. With respect to the other claims not mentioned in the federal complaint, but raised in the present case, the federal complaint is wholly irrelevant. With respect to the two claims which were raised in the federal complaint, plaintiff would have us construe G.S. § 1A-1, Rule 41 to save plaintiff from a statute of limitations bar. G.S. § 1A-1, Rule 41(a) provides a plaintiff an additional year to file a new action after a timely action on that same claim is voluntarily dismissed. G.S. § 1A-1, Rule 41(b) likewise provides that a new action may be filed within a year of an involuntary dismissal on a timely first action, if the court so specifies and if the court specifies that the dismissal of the first action was without prejudice. In the present case, there is nothing in the record to show that the two claims which first appeared in plaintiff's federal complaint were subject to either a voluntary or involuntary dismissal; in fact, plaintiff's claim for deprivation of counsel is still pending in federal court; plaintiff's federal court claim of improper detention was subject to a summary judgment in favor of defendants on 23 January 1979, and the court did not specify that plaintiff would have any additional time to file a new action thereon; finally, plaintiff's complaint in the present action was filed more than one year after the federal district court entered summary judgment against plaintiff. Plaintiff's "Rule 41"

argument is without merit. In addition, it should be noted that a civil action is commenced, in such a manner as to avoid a statute of limitations bar, if, within the period of limitations prescribed, a plaintiff files "a complaint with *the court*," G.S. § 1A-1, Rule 3 [Emphasis added.]; plaintiff's filing of a complaint in federal district court was unavailing to prevent a statute of limitations bar in this action.

When the record discloses that a plaintiff's claims against the defendant are barred by the statute of limitations, the defendant is entitled to judgment as a matter of law and summary judgment is appropriate. *Jarrell v. Samsonite Corp.*, 12 N.C. App. 673, 184 S.E. 2d 376 (1971), *cert. denied*, 280 N.C. 180, 185 S.E. 2d 704 (1972). Summary judgment in the present case was proper.

Affirmed.

Judges HILL and BECTON concur.