Albert Charles BURGESS, Jr., Plaintiff,

v.

EQUILINK CORPORATION, Brown Group Recreation Products, Inc., King-Seeley Thermos Company, Winning Ways, Inc., William Iselin Company, Inc., the Colgate Palmolive Company, Medalist Industries, Inc., Bike Athletic Company, Defendants.

No. C–C–86–455–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 5, 1987.

---

**3.** *See supra* page 1421 (discussing *Geduldig*).

Albert Charles Burgess, Jr., Sumter, S.C., for plaintiff.

Francis M. Fletcher, Jr., Harkey, Fletcher & Lambeth, John M. Murchison, Jr., Kennedy, Covington, Lobdell & Hickman, Dan T. Coenen, Garland S. Cassada, Robinson, Bradshaw & Hinson, Charlotte, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Motions of the Defendants to dismiss this action and upon Motion of Plaintiff to amend his Complaint and add additional defendants.

Plaintiff instituted the present action on October 6, 1986, asserting state law claims for wrongful execution, malicious prosecution, abuse of process and unfair trade practices. The claims are based upon an alleged wrongful execution sale of Plaintiff's house and lot in Gaston County, North Carolina, on February 2, 1979.

On April 1, 1983, Plaintiff sued these Defendants in this Court complaining of the same factual circumstances, *Burgess v. Equilink Corp., et al.*, C–C–83–198–M ("Burgess I"). In that lawsuit, Plaintiff originally alleged Defendants violated federal antitrust laws, but later abandoned those claims and amended his Complaint to charge violations of 42 U.S.C. § 1983, and the same state law claims Plaintiff seeks to assert in this action. In his Amended Complaint, Plaintiff also inserted diversity of citizenship as an additional basis for jurisdiction.

United States District Court Judge James B. McMillan, after conducting a hearing on the matter, held that the Plaintiff's federal claim under § 1983 was time barred by the applicable statute of limitations, having expired three years from February 2, 1979, the date of the execution sale. Judge McMillan also held that there existed no independent basis for diversity jurisdiction over the state law claims because at the time of filing his original Complaint, the Plaintiff was a North Carolina resident suing a group of Defendants that included two North Carolina corporations, First Factors Corporation and Whisnant Displays, Inc. Further, Judge McMillan refused to exercise pendent jurisdiction over the state law claims and by Order and Final Judgment, filed October 28, 1985, dismissed Plaintiff's claims with prejudice.

Plaintiff appealed Judge McMillan's Order but the same was dismissed by the Fourth Circuit on March 25, 1986 as untimely filed. Plaintiff also filed a Motion for a new trial and for reconsideration of Judge McMillan's October 28, 1985 Order, which was denied on August 7, 1986.

It appears that during the pendency of Burgess I, Plaintiff changed his state of residency to South Carolina where he is now incarcerated at Sumter. He now asserts once again the state law claims of Burgess I, and seeks amendment to add a § 1983 claim against additional North Carolina residents for the unlawful removal of certain property belonging to the Plaintiff some time in 1980.

The Court considers whether this action should be dismissed because the Plaintiff's claims are barred by the applicable statutes of limitations.

It is undisputed that the applicable statute of limitations for Plaintiff's claims for wrongful execution, malicious prosecution and abuse of process, is set forth at N.C. Gen.Stat. § 1–52(5) providing that suit on those causes of action must be brought within three years of their accrual; it is

also undisputed that the applicable statute of limitations for Plaintiff's unfair trade practices claim is governed by the four-year limitations period of N.C.Gen.Stat. § 75–16.2.

The Plaintiff contends that his causes of action under state law did not accrue until May 4, 1982, after the Defendants exhausted their appellate remedies for relief from the Gaston County Superior Court's Order setting aside the February 2, 1979 execution sale.[1]

Within three years of May 4, 1982, Plaintiff instituted the Burgess I lawsuit. The Plaintiff contends that under N.C.R.Civ.P. 41(b), he had one year from the date of Judge McMillan's Order to file suit.

That Rule provides, in pertinent part, that

> [u]nless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, ... operates as an adjudication upon the merits. If the court specifies that the dismissal of an action ... or any claim therein, is without prejudice, it may also specify in its order that a new action based on the same claim may be commenced within one year or less after such dismissal.

The Plaintiff argues that because Judge McMillan dismissed the action for lack of jurisdiction as to the state law claims, such dismissal was *without prejudice*, notwithstanding the fact that Judge McMillan expressly stated "dismissed with prejudice." Plaintiff contends, therefore, that he has

properly filed this suit within the one-year savings period of Rule 41(b).

Rule 41(b) provides that an involuntary dismissal,[2] or any other type of dismissal not provided for under Rule 41, will operate as an adjudication upon the merits, and thus, with prejudice, unless the court otherwise specifies or the dismissal is for a lack of jurisdiction, for improper venue, or for failure to join a necessary party. The Rule is consistent with settled law that a dismissal for lack of jurisdiction is not a dismissal on the merits, and therefore, and is ordinarily without prejudice. *See Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 488 F.2d 75 (5th Cir.1973) (dismissal for failure to establish diversity jurisdiction was not a dismissal on the merits, and did not make the prior action res judicata); *Miller v. Saxbe*, 396 F.Supp. 1260 (D.C.D.C. 1975) (dismissal on jurisdictional grounds is without prejudice and is not res judicata for subsequent action raising same factual claims). For the purposes of the instant Motions, the Court will treat Judge McMillan's Order dismissing Plaintiff's state law claims for lack of diversity jurisdiction as a dismissal without prejudice.

The Order did operate as a dismissal with prejudice as to Plaintiff's federal claims under § 1983 and Plaintiff is barred by the doctrine of res judicata from asserting them in a subsequent suit.[3] *See White v. Colgan Elec. Co., Inc.*, 781 F.2d 1214 (6th Cir.1986).

The Plaintiff's second suit on his state law claims must nonetheless be timely un-

---

**1.** The Court does not address Plaintiff's assertion that his state claims did not accrue until May 4, 1982, after Defendants exhausted their appellate relief because the Court believes that the applicable limitations periods to Plaintiff's claims, even if they were deemed to have accrued on May 4, 1982, are not extended by the state saving statute. The Court does, however, note that Plaintiff's assertion regarding the date of accrual of his state claims raises significant questions.

**2.** With respect to voluntary dismissals, the court in *Haislip v. Riggs*, 534 F.Supp. 95, 98 (W.D.N.C. 1981), stated that the saving provision of Rule 41(a) was applicable to federal diversity actions. Rule 41(a) provides that if a timely action is

voluntarily dismissed without prejudice, a new action on the same claim may be commenced within one year after such dismissal. The saving feature of that section does not, however, require the judge to specify that the action may be commenced within one year.

**3.** If this Court determined that the Plaintiff's claims were saved by Rule 41(b), it would nevertheless disallow his Motion to amend to state a claim under § 1983 and to add additional defendants because Judge McMillan's Order dismissed Plaintiff's prior § 1983 claim with prejudice, and his determination that Plaintiff was barred on that claim by the application of the statute of limitations operated as an adjudication on the merits.

der the applicable statutes of limitation, or must come within the express criteria of Rule 41(b)'s saving language. The saving clause states that "[i]f the court specifies that the [involuntary] dismissal ... is without prejudice, it may also specify in its order that the same claim may be commenced within one year or less after such dismissal."

The second requirement of 41(b) that the order "specify that a new action based on the same claim may be commenced within one year or less" is clearly not met under the facts of this case. The October 28, 1985 Order simply does not comply with this aspect of Rule 41 and the Court cannot ignore it. Judge McMillan dismissed Plaintiff's action primarily for the failure of the federal question claims and, understandably, did not elaborate on the state law claims. The Plaintiff had ample opportunity to seek an amendment of the Order to specify that the dismissal of the state law claims was without prejudice and a new action based on those claims could be brought within one year pursuant to Rule 41(b). The Plaintiff, in fact, filed post-judgment motions to reconsider and for a new trial, albeit untimely, and filed an appeal. Plaintiff did not properly seek amendment of that Order to comply with the criterion of Rule 41(b) which he now purports to invoke and his failure to do so takes his claims out of the saving clause. Consequently, Plaintiff's state claims are time-barred by the applicable statutes of limitations.

The Fifth Circuit has similarly dealt with a case where the plaintiff failed to comply with state saving statute provisions. In *Adams v. Federal Signal Corp.*, 616 F.2d 842 (5th Cir.1980), the plaintiff timely filed his breach of contract action in federal court, but it was dismissed for lack of jurisdiction. The state saving statute permitted a second action on the same claim when the prior action was filed within the limitations period but dismissed for lack of jurisdiction. The saving statute required, however, the plaintiff to refile his second suit within 60 days after the dismissal. The appellate court affirmed the district court's second dismissal of plaintiff's claims on the ground that plaintiff failed to file within the 60-day period and therefore took himself out of the saving statute.

The North Carolina Court of Appeals has also affirmed the dismissal of a complaint where the plaintiff failed to comply with the savings statute in *Evans v. Chips,* 56 N.C.App. 232, 287 S.E.2d 426 (1982). The plaintiff in *Evans* sought the protection of Rule 41 to save his claims previously raised but dismissed in federal court. The court concisely set forth the operation of Rule 41's saving features.

G.S. § 1A–1, Rule 41(a) provides a plaintiff an additional year to file a new action after a timely action on that same claim is voluntarily dismissed. G.S. § 1A–1, Rule 41(b) likewise provides that a new action may be filed within a year of an involuntary dismissal on a timely first action if the court so specifies and if the court specifies that the dismissal of the first action was without prejudice.

*Id.* at 236, 287 S.E.2d 426.

The Court found that nothing in the record indicated whether Plaintiff's prior federal claims were subject to either a voluntary or involuntary dismissal, that the federal court did not specify that the plaintiff would have any additional time to file a new action, and that plaintiff's second complaint was, in any event, filed more than one year after the federal court dismissal. Thus, the court held that the plaintiff could not use the saving statute to prevent the running of the statute of limitations from barring his action. *Id.* at 236–37, 287 S.E.2d 426. *Compare Parrish v. Uzzell,* 41 N.C.App. 479, 255 S.E.2d 219 (1979) (plaintiff's third personal injury action saved by Rule 41(a)(2) where both prior dismissals were voluntary and without prejudice and neither specified a shorter time than one year within which plaintiff might bring a new action); *and Subacz v. Town Tower Motel Corp.,* 567 F.Supp. 1308, 1319 (N.D.Ind.1983) (plaintiff's original claims were untimely and thus plaintiff did not comply with state saving statute).

With respect to statutes of limitations, the United States Supreme Court has stated that

> Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. (Citations omitted.) They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a "fundamental" right for what used to be called a "natural" right of the individual.

*Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945).

There is no exception under Rule 41(b) for filing beyond the limitations period for a plaintiff whose prior action was dismissed by an order and judgment which did not specify that a subsequent action may be commenced within one year. The order of dismissal must comply with the requirement of the statute, but in this case, it is clear that it does not and the time for Plaintiff to seek the appropriate amendment has long passed.

IT IS, THEREFORE, ORDERED that:

(1) Defendants' Motions to dismiss are hereby *GRANTED;* and that this action is hereby *DISMISSED WITH PREJUDICE;* and

(2) Plaintiff's Motion to amend is hereby *DENIED.*